UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **USAA LIFE INSURANCE COMPANY** § | | |
| § | | |
| Plaintiff/Stakeholder § | | |
| § | | |
| V. § | Civil Case No: 20-CV-00509 | |
| § | | |
| § | | |
| **KAYLA GILES and** § | | |
| **TESLA JOANNE COUTEE** § | | |
| § | | |
| Defendants/Claimants § | | |

**USAA LIFE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND/OR INTERPLEADER**

USAA LIFE INSURANCE COMPANY ("USAA Life") files this Complaint for Declaratory Relief and/or Interpleader and would respectfully show as follows:

**I. PARTIES**

1       Plaintiff/Stakeholder USAA Life Insurance Company is a Texas corporation with its principal place of business in Texas.

2.      Defendant/Claimant Kayla Giles is a citizen of Louisiana. She may be served at 27 Bill Coleman Road, Elmer, Louisiana 71424.

3.      Defendant/Claimant Tesla Joanne Coutee is a citizen of Texas. This person is a minor who may be served by and through the minor's guardians, Melissa A. McIntosh, who resides at 499 N. Stallion Estates Drive, Spring Branch, Texas 78070.

**II. JURISDICTION**

4.      USAA Life brings this interpleader pursuant to 28 U.S.C. § 1335. Jurisdiction is proper because it involves a dispute between adverse claimants to a $100,000 insurance policy

1

which is in excess of the $500 jurisdictional minimum required by 28 U.S.C. § 1335. The adverse claimants are minimally diverse: they are citizens of the State of Texas and the State of Louisiana. USAA Life also brings a related declaratory judgment action pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367.

5. In the alternative, in the event that Defendant/Claimant Tesla Joanne Coutee were deemed a citizen of Louisiana, USAA Life brings this action in diversity under 28 U.S.C. § 1332. USAA Life is an insurance company organized under the laws of Texas and with its principal place of business in Texas. If Defendant/Claimant Tesla Joanne Coutee were deemed a citizen of Louisiana, then both she and Defendant/Claimant Kayla Giles are citizens of Louisiana. Thus, complete diversity would exist, and the amount in controversy exceeds $75,000, exclusive of fees and costs.

6. Thus, regardless of whether this matter sounds in diversity or in interpleader jurisdiction, this case is properly brought in federal court.

### III. VENUE

7. Venue is proper in this district under 28 U.S.C. § 1391, as a substantial part of the events herein occurred in San Antonio, Texas and this is where the property is located. Venue alternatively is proper in this district as one of the Claimants resides here.

### IV. FACTUAL BACKGROUND

8. USAA Life Insurance Company ("USAA Life") insured Thomas A. Coutee, Jr. under Contract T-367539984 with a face amount of $100,000 (the "Policy"). The Policy was purchased in Texas. The only beneficiary of the Policy is Kayla Giles. There does not appear to be any named contingent beneficiary.

9. The Policy was delivered in Texas. The Policy states that it is governed by the laws of the State in which it is delivered.

10. On September 8, 2018, Thomas A. Coutee, Jr. died. The cause of his death was a gunshot wound to the chest, delivered at the Wal-Mart Parking Lot at Highway 26, West Alexandria, Louisiana.

11. At the time of the shooting, he was attending a custody exchange meeting with his estranged wife, Kayla Giles, to pick up his daughter, Tesla Joanne Coutee.

12. Claimant Kayla Giles, the wife of Thomas Coutee, allegedly shot Thomas A. Coutee, Jr.. She has been arrested, charged with murder, and most recently has had her bond temporarily revoked.

13. Claimant Kayla Giles has filed a written claim for insurance benefits under the Policy on June 13, 2019.

14. Claimant Tesla Joanne Coutee is a citizen of Texas, through her next friend/tutor, Melissa A. McIntosh, made claim for benefits under the Policy on March 23, 2020.

15. Texas Insurance Code § 1103.151 provides: "A beneficiary of a life insurance policy or contract forfeits the beneficiary's interest in the policy or contract if the beneficiary is a principal or an accomplice in willfully bringing about the death of the insured."

16. Texas Insurance Code § 1103.152 provides:

(a) Except as provided by Subsection (b), if a beneficiary of a life insurance policy or contract forfeits an interest in the policy or contract under Section 1103.151, a contingent beneficiary named by the insured in the policy or contract is entitled to receive the proceeds of the policy or contract.

(b) A contingent beneficiary is not entitled to receive the proceeds of a life insurance policy or contract if the contingent beneficiary forfeits an interest in the policy or contract under Section 1103.151.

(c) If there is not a contingent beneficiary entitled to receive the proceeds of a life insurance policy or contract under Subsection (a), the nearest relative of the insured is entitled to receive those proceeds.

Thus, under the Texas Insurance Code, Kayla Giles may be excluded as a beneficiary under the Policy if she willfully brought about the death of Thomas A. Coutee, Jr.  As there is no contingent beneficiary, the nearest relative of Mr. Coutee would appear to be Tesla Joanne Coutee.

17. USAA Life thus faces multiple and inconsistent demands for the benefits of the Policy.  If it pays Kayla Giles, it may be exposed to liability from Tesla Joanne Coutee.  If it pays Tesla Joanne Coutee, it may be exposed to liability from Kayla Giles.

18. USAA Life thus now pleads for interpleader and for judicial resolution of this dispute over Policy proceeds.

## CAUSES OF ACTION

### COUNT ONE – DECLARATORY JUDGMENT

19. Pursuant to Federal Rule of Civil Procedure 57, USAA Life seeks a declaration of who among the Defendants/Claimants are entitled to the benefits of the Policy, with a face amount of $100,000.

### COUNT TWO—RULE 22 INTERPLEADER

20. In the alternative, pursuant to Federal Rule of Civil Procedure 22, USAA Life requests that the Court determine who among the Defendants/Claimants is the proper recipient of the benefits of the Policy, with a face amount of $100,000.

19. Rule 22 interpleader does not require the deposit of a stake with the Court clerk. *Murphy v. Travelers Ins.*, 534 F.2d 1155, 1159 (5th Cir. 1976).

### COUNT THREE – INTERPLEADER UNDER 28 U.S.C. §§ 1335 & 2361

20. In the alternative, pursuant to 28 U.S.C. § 1335 and § 2361, USAA Life requests the Court determine who among the Defendants/Claimants is the proper recipient of the benefits of the Policy, with a face amount of $100,000.

## PRAYER

Wherefore, Plaintiff USAA Life prays for either a declaratory judgment from the Court, identifying who should have possession the benefits of the Policy, with a face amount of $100,000, or, in the alternative, judgment against Defendants in Interpleader, and each of them, as follows:

(a) That the Defendants, and each of them, be required to litigate among themselves in this forum their claims to the funds described;

(b) That the Court enter an order restraining Defendants, and each of them, from instituting or further prosecuting any other proceeding affecting the rights and obligations between and among the parties to the interpleader and their agents until further order of the Court;

(c) That the Court determine and enter an order setting forth the proper recipients of the funds; and

(d) That USAA Life be discharged from this action with prejudice following either deposit of the proceeds into the registry of the Court or payment of a bond as the Court directs, and that the Court order that USAA Life may collect from the proceeds its reasonable attorneys' fees for filing this action.

Dated: April 24, 2020.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: /s/ Theodore Schultz
Theodore C. Schultz
Attorney In Charge
State Bar No. 00797393
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
Email: tschultz@lstlaw.com